**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DONALD GRIFFIN,

                        Plaintiff,

  v.

WASHOE COUNTY DIV. OF SOCIAL
SERVICES, *et al.,*

                        Defendants.

3:16-cv-00588-RCJ-VPC

**REPORT AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is Donald Griffin's ("plaintiff") application to proceed *in forma pauperis* (ECF No. 1) and *pro se* complaint (ECF No. 1-1). Having reviewed the record, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted, and that the complaint be dismissed with prejudice.

## I.    *IN FORMA PAUPERIS* APPLICATION

As set forth in 28 U.S.C. § 1915(a), the court may authorize a plaintiff to proceed *in forma pauperis* if he or she is unable to pay the prescribed court fees. The plaintiff need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). In his application, plaintiff indicates that he is unemployed, and receives zero income per month. (ECF No. 1 at 1.) He states he has no checking or savings, and no additional assets. (*Id.* at 2.) Plaintiff's monthly expenses are $276.00. (*Id.*) Based on the foregoing, the court finds that plaintiff is unable to pay the filing fee in this matter. The court therefore recommends that plaintiff's application to proceed *in forma pauperis* be granted.

## II.    LEGAL STANDARD

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. Section 1915 provides, in relevant part, that "the court shall dismiss the case at any time if the court

determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under section 1915 when reviewing the adequacy of a complaint or amended complaint.  *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

Under Rule 12(b)(6), the court must dismiss the complaint if it fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the complaint need not contain detailed factual allegations, it must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

The complaint is construed in a light most favorable to the plaintiff.  *Chubb Custom Ins. Co. v. Space Systems/Loral Inc*., 710 F.3d 946, 956 (9th Cir. 2013).  The court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).  If dismissal is appropriate, the *pro se* plaintiff should be given leave to amend the complaint, and some notice of its deficiencies, unless it is clear that those deficiencies cannot be cured.  *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

### III.    DISCUSSION

Plaintiff brings this action pursuant to the Sixth Amendment of the Constitution, against Washoe County Department of Social Services, Judge Cynthia Lu, Judge Egan Walker, and Alison Guinan.  (ECF No. 1-1 at 1.)

From what the court can discern, plaintiff's son was put into the custody of Child Protective Services due to an ongoing abuse/neglect case with the son's mother Yvette Lewis and her six other children.  (*Id.* at 3, 11, 13.)  In Count I, plaintiff alleges that Cynthia Lu represented plaintiff in his legal matters as Court Master over the abuse/neglect case.  (*Id.* at 4.)  In Count II, plaintiff alleges that Egan Walker denied plaintiff counsel for the abuse/neglect case.  (*Id.* at 5.)  In Count III, plaintiff alleges that Alison Guinan knew the abuse/neglect case against Yvette Lewis was unrelated to the case against plaintiff's son and that plaintiff had nothing to do with the abuse/neglect.  (*Id.* at 6.)  Plaintiff brings all of these claims under the Sixth Amendment.  Plaintiff requests a new custody hearing.  (*Id.* at 9.)

Plaintiff has failed to state Sixth Amendment claims.  The Sixth Amendment guarantees criminal defendants certain rights related to criminal prosecutions, including the right to a speedy and public trial, to be informed of the nature of the accusation against them, and to have the assistance of counsel.  U.S. Const. amend. VI.  Although the title of counts I, II, and III state that his Sixth Amendment rights were violated, the assertions and factual allegations appear wholly unrelated to any criminal prosecution or conviction.  Without such facts, the court is unable to discern a possible theory for liability against any of the named defendants.  Therefore, plaintiff's Sixth Amendment claims should be dismissed.

Notwithstanding the above, this court lacks subject matter jurisdiction in this case.  *See Csibi v. Fustos*, 670 F.2d 134, 136-37 (9th Cir. 1982).  Federal courts have no jurisdiction to resolve domestic relations disputes involving child custody.  *Ankenbrant v. Richards*, 504 U.S. 689, 703 (1992.)  While plaintiff attempts to assert civil rights claims, he essentially raises domestic relations issues by challenging a Nevada state court child custody decision and by seeking relief in the form of a new custody hearing for his child.

Additionally, plaintiff's claims are barred by the *Rooker-Feldman* doctrine.  Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgment.  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  Plaintiff's federal case is an impermissible appeal of the state court

judgment as it raises specific grievances related to decisions of Nevada's state family court. Thus, the district court lacks jurisdiction over any challenge plaintiff is making to the legal proceedings held in the Second Judicial District Court of the State of Nevada.

### IV.   CONCLUSION

Consistent with the foregoing, the court finds that subject matter jurisdiction is lacking and dismissal is warranted under 28 U.S.C. 1915(e)(2)(B)(ii).  Because amendment would be futile, the dismissal should be with prejudice. *See Cato*, 70 F.3d at 1106.

1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** plaintiff's complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that the complaint (ECF No. 1-1) be **DISMISSED WITH PREJUDICE.**

**DATED**: January 30, 2017.

**UNITED STATES MAGISTRATE JUDGE**